**Date signed January 21, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| RICHARD ALAN DYE : | Case No. 04-34351PM |
| : | Chapter 13 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |
| GRP FINANCIAL SERVICES CORP. : | |
| Movant : | |
| vs. : | |
| : | |
| RICHARD ALAN DYE : | |
| JAMES W. HIGGINS, Co-Debtor : | |
| Respondents : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | |

### MEMORANDUM OF DECISION

　　GRP Financial Services Corp. ("GRP") filed a motion seeking an order of court annulling the stay of § 362(a) of the Bankruptcy Code in order to validate a foreclosure sale that took place on October 27, 2004, one day after the filing of this bankruptcy case under Chapter 13. Movant urges that by virtue of an Order of this court entered July 1, 2004, in the case of James W. Higgins, No. 04-12594DK, that prospective relief was granted from the automatic stay. Thus, it argues that GRP was not required to obtain relief from the stay; inasmuch as under its interpretation of the terms of Judge Keir's Order, that the automatic stay was inapplicable to the subject property for a period of 180 days after July 1, 2004. Debtor states that the motion should be denied because it is based upon a misinterpretation of the Order. Movant prepared the Order.

　　The court agrees with the Debtor. While the motion for relief from stay filed in the earlier case of James W. Higgins describes previous filings by the Debtor in this case, Richard

Alan Dye, and the Co-Debtor on the subject property, James W. Higgins, Judge Keir's Order in the case of James W. Higgins provided as follows:

> [P]rospective relief is granted such that any future bankruptcy filing within (180) days of the entry of this Order, or relief being granted, by the Debtor or anyone to whom he may transfer the Property will not create a stay with respect to the Property, and GRP will not need to seek relief from the automatic stay in order to exercise its rights under the Deed of Trust and applicable law should the Debtor or anyone to whom he may transfer the Property file another bankruptcy case within (180) days of the entry of this Order.

By its very terms, the document that the Movant prepared for Judge Keir does not extend to the Co-Debtor. The motion seeking annulment of the stay will be denied. An appropriate order will be entered.

cc:
L. Darren Goldberg, Esq., 803 Sycolin Road, Suite 301, Leesburg, VA 20175
Richard A. Dye, 8321 Raymond Lane, Potomac, MD 20854
James W. Higgins, 2847 River Road, Vandergrift, PA 16590
Scott C. Borison, Esq., 55090 Buckeystown Pike, Frederick, MD 21703
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**